J-S64035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MAYO WHITAKER, | : | |
| | : | |
| Appellant. | : | No. 858 EDA 2018 |

Appeal from the Judgment of Sentence, February 1, 2018,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0003962-2017.

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 15, 2019**

Mayo Whitaker appeals from the judgment of sentence entered following

a bench trial on several charges including one count of persons not to possess

firearms.[1] After careful review, we affirm.

The pertinent facts, elicited at trial, and procedural history, as aptly

summarized by the trial court, are as follows:

> [Whitaker] was found guilty of one count of Persons Not to
> Possess Firearms following a non-jury trial held on February 1,
> 2018. He was sentenced to the mitigated range of the
> Pennsylvania Sentencing Guidelines to a term of thirty-six (36) to
> seventy-two (72) months [of] incarceration. Whitaker was found
> not guilty of the remaining [drug related] charges[.]

\*\*\*

---

[1] 18 Pa.C.S.A. 6105(a).

At trial, Officer Matthew Donohue and Officer Timothy William Garron testified for the Commonwealth. The officers were members of a team executing a search warrant at 1135 Chestnut Street in Chester, Pennsylvania on May 9, 2017. Officer Donohue testified that the team breached the door at the residence immediately upon arrival, as there were people in the streets yelling that they had arrived. After entering, both officers testified that they observed [Whitaker] seated on a couch in the living room. After [Whitaker] was detained and given **Miranda** warnings, Officer Donohue asked him if there was anything in the house the officers needed to know about. Both officers testified that [Whitaker] nodded towards the other sofa in the room and stated, 'my jawn's over there.' When Officer Donohue inquired as to what his 'jawn' was, [Whitaker] responded that it was his gun. The officers retrieved a .32 caliber silver revolver under the couch. The officer did not take any finger print or DNA samples from the gun. They explained that it was not necessary based on [Whitaker's] statement that it was his gun. Officer Garron testified that in his personal experience, 'jawn' can be used to refer to a gun. Counsel stipulated that [Whitaker] is a person not to possess a firearm under 18 Pa.S.C.A. § 6105.

Whitaker took the stand and testified that at the time of the event he had been living in a halfway house. His sister came to visit him in the halfway house and brought her friend, Kanisha Mack, a co-defendant in this case. This was the first time Whitaker met Ms. Mack. He explained that she gave him her phone number and told him they were going to 'have intercourse.' When he entered the house, Ms. Mack greeted him at the door, did not say anything and then immediately went upstairs, leaving [Whitaker] in the living room. He was there for a minute before the police came in. [Whitaker] testified that he did not know there was a gun in the house; he didn't know that Ms. Mack was a drug dealer; and that he did not say the gun was his.

Trial Court Opinion, 4/24/18, at 1-3. This timely appeal followed. Whitaker and the trial court have complied with Pa.R.A.P. 1925.

Whitaker has presented the following single issue for our review:

Did the Commonwealth fail to provide sufficient evidence that Mr. Whitaker was guilty of the offense of Possession of Firearm Prohibited because it failed to provide evidence that proved he

was in constructive possession of a firearm beyond a reasonable doubt?

Whitaker's Brief at 7.

In reviewing a sufficiency claim, we must consider "whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Cash***, 137 A.3d 1262, 1269 (Pa. 2016) (citation omitted). "The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence." ***Commonwealth v. Newton****,* 994 A.2d 1127, 1131 (Pa. Super. 2010), *appeal denied,* 8 A.3d 898 (Pa. 2010) (citations omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

To convict Whitaker on a charge of persons not to possess firearms, the Commonwealth was required to show that Whitaker: 1) was previously convicted of an enumerated offense; and 2) possessed a firearm. ***See*** 18

Pa.C.S. § 6105. To establish the element of possession, this Court has held that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 36 (2018) (citation omitted).

The parties stipulated that Whitaker was a "person" who was prohibited from possessing a firearm. Thus, the first element was easily established. Whitaker argues, however, that the Commonwealth failed to present sufficient evidence to establish that he was in possession, specifically constructive possession, of the firearm found at the house where the police executed the search warrant. Whitaker's Brief at 17, 19.

The trial court concluded that there was sufficient evidence to establish that Whitaker possessed the gun, both actually and constructively. Trial Court Opinion, 4/24/18 at 4. Upon our review of the record, we agree.

The trial court opined that the Commonwealth proved that Whitaker had physical possession of the gun found at Mack's house. **Id.** At trial, Officer Donohue testified that when he questioned Ms. Mack and Whitaker whether there was anything in the house, Whitaker nodded toward the other sofa in the room, and said "my jawn's over there." **Id.** at 2. The officers asked, "what's your jawn?" Whitaker replied, "my gun." **Id.** When the officers looked under the couch where he had indicated, they found a loaded silver .32 caliber revolver. Officer Garron, also part of the team executing the search warrant, corroborated Officer Donohue's testimony. Whitaker admitted that

it was his gun. Based upon this testimony, it was reasonable for the trial court to conclude that Whitaker had actually possessed the gun.

Whitaker contends, however, that when contraband is found other than in one's physical possession as it was here, the Commonwealth must be able to show constructive possession. Whitaker's Brief at 20 (citing **Hopkins**, 67 A.3d at 820). According to Whitaker, the Commonwealth failed to do so. **See id.** at 19-21.

While it is generally true that constructive possession must be established where it is uncertain whose contraband it is and no one claims it, in this case, although he denied ownership at trial, Whitaker admitted to police on the evening in question that the gun was his. Based upon his admission, it is, therefore, logical to conclude that he had possessed it.

Nonetheless, the trial court also concluded that the Commonwealth presented sufficient evidence to show that Whitaker had constructive possession of the gun. Trial Court Opinion, 4/24/18, at 4.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Hopkins**, 67 A.3d at 820 (citations omitted).

The trial court found that the evidence showed Whitaker had the power and intent to control the gun. Trial Court Opinion, 4/24/18 at 4. Contrary to Whitaker's argument, the Commonwealth established more than Whitaker's mere presence and proximity to the firearm. Here, Whitaker was the only person in the living room. Whitaker indicated to the officers where the gun was. The gun was in fact there, just a few feet from where Whitaker was sitting. "[K]nowledge of the existence and location of the contraband is a necessary prerequisite to proving a defendant's intent to control, and, thus, his constructive possession." *Parrish*, 191 A.3d at 37. Most significant, is that, upon the officers clarifying what Whitaker meant by "my jawn", Whitaker told the officers it was his gun.[2] Taking *all* of these facts together, we conclude that the Commonwealth presented sufficient evidence to establish that Whitaker had constructive possession of the firearm.

Based upon the foregoing, we conclude that the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the trial court's finding that that the Commonwealth established all of the elements of persons not to possess firearms beyond a reasonable doubt.

Judgment of sentence affirmed.

---

[2] Because Whitaker clarified what he meant by the term "jawn" and admitted to the officers it was "his gun", we do not address his arguments regarding the meaning of "jawn".

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/19